IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH BAILEY and SHENIKA BAILEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 2:22-CV-578-WKW ) [WO] |
| LOWNDES COUNTY COMMISSION, and JOEY BARGANIER, CHARLIE KING, and W. DICKSON FARRIOR, individually and in their official capacities as Commissioners for the Lowndes County Commission, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

The Lowndes County Commission revoked Plaintiffs Keith Bailey and Shenika Bailey's liquor license for their business. Believing that the revocation of their liquor license violated the United States Constitution and state law, Plaintiffs sued the Lowndes County Commission and three of its members—in their individual and official capacities—in the Circuit Court for Lowndes County, Alabama. Seeking monetary and equitable relief, the two-count Complaint alleged that Defendants deprived them "of life, liberty, equal protection, [and] due process of law . . . guaranteed to [them] by the laws and Constitution of the State of Alabama

and the United States."[1]  (Doc. # 1-1 at ¶ 3.)  Defendants timely and properly removed this action to the United States District Court for the Middle District of Alabama under 28 U.S.C. §§ 1331, 1441(a), and 1367.

Before the court are Defendants' Motion for Partial Dismissal under Federal Rule of Civil Procedure 12(b)(6) and Brief in Support.  (Docs. # 6, 7.)  Defendants move for dismissal of the federal law claims in Count One and for remand of the state law claims in Count Two to the Circuit Court of Lowndes County.[2]  (Doc. # 6 at 1.)  Plaintiffs did not file a response to the motion within the deadline established in the General Briefing Order.  (Doc. # 10.)  Based upon an independent review of the Complaint's allegations under the familiar standard governing Rule 12(b)(6) motions to dismiss, the motion will be granted.  *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012); (*see also* Doc. # 7 at 4–5 (setting forth the standard for evaluating a Rule 12(b)(6) motion).)

---

[1] Plaintiffs cannot bring a direct action under the United States Constitution against Defendants but instead must proceed under 42 U.S.C. § 1983. *See Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982) (concluding that, where Congress provides an adequate remedial scheme, such as 42 U.S.C. § 1983, a plaintiff cannot bring a direct action under a constitutional amendment).  It will be presumed that Plaintiffs are bringing their federal constitutional claims under § 1983, even though the Complaint does not cite § 1983.

[2] The Complaint is not a model of clarity.  Construed favorably to Plaintiffs, Count One's allegations include equal protection and due process claims under the United States Constitution (as well as under Alabama's constitution). (Doc. # 1-1 at ¶ 5.)  Count Two invokes state law for judicial review of Defendants' decision to rescind Plaintiffs' liquor license.  (Doc. # 1-1 at ¶ 6 (citing *Ex parte Trussville City Council*, 795 So. 2d 725, 727 (Ala. 2001); *State Dep't of Pensions & Security v. Whitney*, 359 So. 2d 810 (Ala. Civ. App 1978))).

Defendants' arguments for dismissal of the federal law claims are well grounded. For substantially the same reasons set out in Defendants' brief, the motion to dismiss will be granted.

First, the Commission members have legislative immunity in their individual capacities for their actions in voting to rescind Plaintiffs' liquor license. *See Brown v. Crawford Cnty., Ga.*, 960 F.2d 1002, 1012 & n.15 (11th Cir. 1992) (holding that, by voting for a temporary moratorium on issuing mobile home permits, "the individual county commissioners were performing a traditional legislative function" and were entitled to absolute legislative immunity in their individual capacities for money damages); (*see* Doc. # 7 at 6.) The individual-capacity claims therefore are not viable.[3]

Second, Plaintiffs have not pleaded a procedural due process claim because, as a matter of law, they do not have a protected property or liberty interest in maintaining a liquor license. Property interests are created by state law. *See Reserve, Ltd. v. Town of Longboat Key*, 17 F.3d 1374, 1379 (11th Cir. 1994) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that

---

[3] Although not argued by Defendants, dismissal of the official-capacity claims is appropriate because those claims are redundant of the claims against the Lowndes County Commission. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly 42 U.S.C. § 1983 . . . .").

stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972))).  Under Alabama law, "[a] license to engage in the sale of intoxicants is merely a privilege with no element of property right or vested interest of any kind." *Ott v. Everett*, 420 So. 2d 258, 261 (Ala. 1982) (citations and internal quotation marks omitted); *United States v. Shotts*, 145 F.3d 1289, 1295 (11th Cir. 1998) ("[T]he Supreme Court of Alabama has held that a license to operate a bar or a package store is not property." (citing *Ott*, 420 So. 2d at 261, among other Alabama authorities)).

    Likewise, an interest in holding a liquor license does not qualify as a liberty interest.  "Like property interests, the Constitution does not create liberty interests," and "Alabama state courts are also equally dismissive of claims that liquor licenses carry liberty interests." *Catanese v. City of Trussville*, No. 2:19-CV-01517-CLM, 2021 WL 24624, at *3 (N.D. Ala. Jan. 4, 2021) (citing *Ott*, 420 So. 2d at 261); *see also Arrington v. Dickerson*, 915 F. Supp. 1503, 1509 (M.D. Ala. 1995) ("Because a license to sell liquor in Alabama is a privilege not a right, Alabama has extinguished any liberty interest." (citation omitted)); *see generally Ingraham v. Wright*, 430 U.S. 651, 673 (1977) (stating that liberty interests are "those privileges long recognized at common law as essential to the orderly pursuit of happiness by

free men"). Without a protected property or liberty interest, the procedural due process claim fails.[4]

Third, Plaintiffs have not pleaded a plausible equal protection claim. The "threshold inquiry in an Equal Protection case is whether the plaintiff and the proposed comparator are similarly situated, since the Equal Protection Clause

---

[4] Three additional points are noteworthy on the federal due process claim. First, the Complaint indicates that the due process claim is procedural in nature. (Doc. # 1-1 at ¶ 4 (alleging the denial of notice and an opportunity to be heard).) But even if the Complaint were attempting to allege a substantive due process claim, that claim would fail because the alleged right in question—*i.e.*, the alleged right to a liquor license—is not a "fundamental right." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1048 (11th Cir. 2002) ("Our substantive due process doctrine is designed to protect those rights that are fundamental—rights that are implicit in the concept of ordered liberty." (cleaned up)).

Second, in the paragraph of the Complaint preceding Count One, Plaintiffs state that Defendants "unlawfully deprived them of a business license" because Plaintiffs' "business was in close proximity to the business of Commissioner Bargainer's brother, Dennis Bargainer." (Doc. # 1-1 at ¶ 3.) However, the due process claim (as well as the equal protection claim) in Count One focus solely on the revocation of the liquor license for Plaintiffs' establishment and not on the revocation of their business license. (*See* Doc. # 1 ¶ 5.) But to the extent that Plaintiffs separately challenge the revocation of their business license, the Eleventh Circuit has explained that, with limited exceptions not applicable here, "Alabama recognizes no property interest in any business license as against the right of the state to revoke it." *United States v. Shotts*, 145 F.3d 1289, 1295 & n.9 (11th Cir. 1998). Plaintiffs' alleged right to a business license cannot sustain their federal constitutional claims.

Third, it appears that Plaintiffs have multiple avenues available under Alabama law for judicial review of the Commission's decision to revoke Plaintiffs' liquor license. (*See* Doc. # 7 at 8–9); *see, e.g., Phillips v. City of Citronelle*, 961 So. 2d 827, 829 (Ala. Civ. App. 2007) ("[T]he decision of the municipality in denying an application for a liquor license is subject to judicial review and is reversible if it is shown that the municipality acted arbitrarily in denying the application for a liquor license." (citing *Black v. Pike Cnty. Comm'n*, 375 So. 2d 255, 257 (Ala. 1979)). In fact, Count Two seeks a state law remedy for judicial review of the Commission's decision. (Doc. # 1-1 at ¶¶ 1, 6.) Where a state provides an adequate remedy for an allegedly unconstitutional deprivation, a procedural due process claim "is not cognizable under federal law." *Foxy Lady, Inc. v. City of Atlanta, Ga.*, 347 F.3d 1232, 1238 (11th Cir. 2003) ("[T]o the extent that there is an argument that the City's current license revocation process amounts to a procedural deprivation, the State of Georgia provides an adequate means by which to remedy any allegedly unlawful deprivation, and the [plaintiffs'] procedural due process claim here is not cognizable under federal law.").

5

requires that 'persons similarly situated . . . be treated alike.'" *S&M Brands, Inc. v. Georgia ex rel. Carr*, 925 F.3d 1198, 1203 (11th Cir. 2019) (quoting *City of Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  Because Plaintiffs allege a "class of one" equal protection claim (Doc. # 1-1 at ¶¶ 4–5), they must plead enough facts to show (1) that Defendants intentionally treated Plaintiffs differently than similarly situated individuals and (2) that Defendants had no rational basis for treating Plaintiffs differently.  *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).  "To be 'similarly situated,' the comparators must be '*prima facie identical in all relevant respects*.'"  *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1264 (11th Cir. 2010) (quoting *Griffin Indus.*, 496 F.3d at 1204).

     Plaintiffs' equal protection claim cannot survive *Griffin*'s first prong.  A class-of-one claim fails where a plaintiff pleads too little (*i.e.*, "by omitting key factual details in alleging that [the plaintiff] is 'similarly situated' to another") or where it pleads "too much" (*i.e.*, by alleging enough facts to reveal that the comparator is not similarly situated).  *Griffin Indus.*, 496 F.3d at 1205 (citations omitted).  Plaintiffs' Complaint suffers from the first problem.  There are no non-conclusory allegations that Plaintiffs were treated differently from a similarly situated individual whose liquor license was not revoked.  Plaintiffs have pleaded no facts that would allow a comparison of Plaintiffs to other liquor license holders.  The Complaint alleges that

6

nameless "other establishments are allowed to operate and engage in alcoholic transactions and have been issued liquor license[s] and [are] even operating without a license within the Town's jurisdiction," (Doc. # 1-1 at ¶ 5), and it suggests that a neighboring but unnamed establishment has a business license (Doc. # 1-1 at ¶ 3). But that level of generality is not enough for pleading purposes. For example, the Eleventh Circuit observed the following:

> With regard to the "similarly situated" prong, the complaint does not present a single instance in which a similarly situated developer was granted a permit; it merely alleges that nameless, faceless "other" permit applicants were given better treatment. Bare allegations that "other" applicants, even "all other" applicants, were treated differently do not state an equal protection claim . . . .

*GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367–68 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010); *see also Etherton v. City of Rainsville*, 662 F. App'x 656, 662 (11th Cir. 2016) ("[B]are allegations of unequal enforcement are not enough to state a 'class of one' equal protection claim." (citations omitted)). Based on Plaintiffs' conclusory assertion of a "similarly situated" comparator (Doc. # 1-1 at ¶ 5), to sustain Plaintiffs' equal protection claims, the court would have to make up facts. Plaintiffs' assertion is but a threadbare recital of an element of the cause of action, which cannot state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to

threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

No federal law claims remain. Exercising its discretion, the court declines to retain supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3). The state law claims will be remanded to the Circuit Court of Lowndes County, Alabama. *See Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction . . . ." (citation omitted)).

Based on the foregoing, it is ORDERED that Defendants' Motion for Partial Dismissal (Doc. # 6) is GRANTED and that Plaintiffs' federal law claims are DISMISSED.

It is further ORDERED that Plaintiffs' state law claims are REMANDED to the Circuit Court for Lowndes County, Alabama.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand.

DONE this 14th day of February, 2023.

        /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE